

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    MAY 1 1 2012
LORETTA G. WHYTE
~~CLERK~~

*Edward J. Rivera*
*Assistant United States Attorney*

*Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, LA 70130*

*Telephone # :(504) 680-3163*
*Fax # : (504) 589-4014*

May 11, 2012

Honorable Ivan L.R. Lemelle
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C501
New Orleans, Louisiana 70130

      Re:  United States v. Robbie Ray a/k/a "Pookie"
          Criminal Docket No. 11-019

Dear Judge Lemelle:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Robbie Ray a/k/a "Pookie," the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, D. Majeeda Snead, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    In an effort to resolve this matter in a timely fashion and show good faith, the defendant has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence.  Therefore, if the defendant chooses to rescind this plea agreement after he has signed this document and the accompanying factual basis and thereafter maintains his plea of not guilty, the Government has the right to use the defendant's admitted factual basis as an admission of his guilt to the charged offenses in the Government's case-in-chief of the trial in the above referenced matter. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations or as a result of plea agreements, but knowingly and voluntarily waives that protection and those rights afforded by Rule 410 as stated above.

    The defendant has agreed to plead guilty to Counts 1, 12, 13, 15, and 17 of the Indictment charging him with: [count 1]violating Title 21, United States Code, Section 846, conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"); [count 12] violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii), distribution of 28 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"); [count 13] violating Title 21, United States Code, Section 843(b), use of a communication facility (a cellular   phone) in

_____ Fee_____
_____ Process_____
_X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

committing a violation of Title 21, United States Code, Section 846; [count 15] violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii), distribution of 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"); and [count 17] violating Title 21, United States Code, Section 843(b), use of a communication facility (a cellular phone) in committing a violation of Title 21, United States Code, Section 846.

The Government has agreed that should the Court accept the defendant's plea of guilty to Counts 1, 12, 13, 15, and 17 of the Indictment , the Government will agree to dismiss the bill of information filed herein pursuant to Title 21, United States Code, Section 851, which would have mandated a mandatory minimum sentence of 20 years to life, prior to sentencing.

In exchange for the guilty plea, the Government agrees not to prosecute the defendant for any other crime relating to the activity listed in the indictment, occurring within the Eastern District of Louisiana.  The Government maintains the right, however, to charge the defendant with crimes of violence, if any.

The Government also agrees that the defendant, in pleading guilty in advance of trial, has complied with the April 30, 2003 amendment to the United States Sentencing Guidelines found in Section 3E1.1 and, therefore, is entitled to the provided three (3) level reduction in his guideline offense level for his timely acceptance of responsibility.

The defendant further understands that the maximum penalty the defendant may receive should his plea of guilty be accepted as to Counts 1 and 15 (each is a separate penalty) is a minimum of 10 years imprisonment and not more than life, and/or a fine not to exceed $10,000,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571, and Title 21, United States Code, Sections 841(b)(1)(B).  As to Count 12, the defendant is facing a minimum of 5 years imprisonment and not more 40 years of incarceration, and/or a fine not to exceed $5,000,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571, and Title 21, United States Code, Sections 841(b)(1)(B). As to Counts 13 and 17 (each is a separate penalty), the defendant is facing not more than 8 years of imprisonment, and/or a fine not to exceed $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571, and Title 21, United States Code, Sections 841(b)(1)(B).

The Government and the defendant agree, however, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that **a specific sentencing range of 216 months (or 18 years) imprisonment is appropriate in the disposition of this case**.  Both parties agree that this sentence is reasonable when considering the violations of federal law and the defendant's possible defenses, as well as the defendant's past criminal conduct and cooperation with the Government to date.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in Federal Rules of Criminal Procedure 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code as to each Count or the sum of $500. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of at least 5 years for Counts 1 and 15 pursuant to Title 18, United States Code, Section 3583 and Title 21, United States Code, Sections 841 and 851. Count 12 calls for a term of supervised release for at least 4 years. Counts 13 and 17 call for a term of supervised release of up to 3 years. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.     Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute,

including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

      b.     Waives and gives up his/her right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

      c.     Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

      d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

      It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

      The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

      This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any

person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required, to make a motion requesting the Court to depart from the sentencing guideline range as determined the Court, in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The Government shall determine whether or not the defendant has rendered "substantial assistance" and that decision will not be made until the Government has been able to evaluate the entirety of the defendant's cooperation. The Government also shall determine whether such a motion will be filed prior to sentencing pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the sentencing guidelines or after sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

In addition, the Government agrees to forward any information of the defendant's cooperation with the Government to any state prosecutors, state court and/or state department of probation and parole for consideration in any pending matters. Nonetheless, the Government is not promising to make any recommendations to state officials and/or agencies regarding any possible sentences for state violations nor does the Government have any authority to bind any state official and/or agency with regard to any possible sentence in state court.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. All parties understand, however, that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees

that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
Edward J. Rivera            (Date)
Assistant United States Attorney

_____
D. Majeeda Snead        (Date)
Attorney for the Defendant

_____
Robbie Ray a/k/a "Pookie"   (Date)
Defendant

6