```
┌─────────────────────────────────┐
│      U.S. DISTRICT COURT         │
│   EASTERN DISTRICT OF LOUISIANA  │
│  ┌───────────────────────────┐   │
│  │                           │   │
│  │      NOV 25 2013          │   │
│FILED                         │   │
│  │                           │   │
│  └───────────────────────────┘   │
│      WILLIAM W. BLEVINS          │
│           CLERK                  │
└─────────────────────────────────┘
```

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 12-30925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2013

Lyle W. Cayce
Clerk

D.C. Docket No. 2:11-CR-19-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBBIE RAY, also known as Pookie Ray,

Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before REAVLEY, JONES, and PRADO, Circuit Judges.

___ Fee_____
___ Process_____
_X_ Dkt_____
___ CtRmDep_____
___ Doc. No._____

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:   2 0 NOV 2013

**A True Copy
Attest**

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana           2 0 NOV 2013

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2013

Lyle W. Cayce
Clerk

No. 12-30925
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBBIE RAY, also known as Pookie Ray,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-19-4

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Robbie Ray pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 280 grams or more of cocaine base, one count of distribution of 28 grams or more of cocaine base, two counts of use of a communication facility in the commission of the drug conspiracy, and one count of distribution of 280 grams or more of cocaine base. In his written plea agreement, Ray waived, inter alia, his right to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal his conviction and sentence. The district court imposed an aggregate sentence of 216 months of imprisonment and five years of supervised release.

On appeal, Ray argues that the district court abused its discretion by denying his motion to withdraw his guilty plea and by failing to hold an evidentiary hearing on that motion. In support, Ray contends that his plea was the product of duress concerning his brother and co-defendant, Courtney Ray, and therefore was not knowing and voluntary. He further contends that he asserted his innocence; that he did not delay in filing the motion; and that withdrawal would not prejudice the Government, substantially inconvenience the district court, or waste judicial resources. Ray may raise his argument regarding the denial of his motion to withdraw his guilty plea because a waiver-of-appeal provision is not valid unless both the plea and the waiver were knowingly and voluntarily entered. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).

We review the district court's decision to deny a motion to withdraw for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). A review of the record, Ray's arguments, and the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), shows that the district court did not abuse its discretion in denying Ray's motion to withdraw his guilty plea. *See id.* As Ray did not allege sufficient facts to justify relief on his claim, the district court did not abuse its discretion by not holding an evidentiary hearing before denying the motion to withdraw the plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED.