UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-19** |
| **ROBBIE RAY** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court are Defendant's, Robbie Ray, "Motion to Temporarily Stay Proceedings Pending Disposition of Related State Proceedings" (Rec. Doc. 413) and the Government's Opposition thereto (Rec. Doc. 418).

For the reasons stated herein, **IT IS ORDERED** that the Motion is **DENIED.**

### Facts and Procedural History:

On May 11, 2012 Defendant pled guilty in connection with a plea agreement entered into with the Government, and accepted by this Court, to charges of: (1) Conspiracy to Distribute with Intent to Distribute 500 Grams or More of Cocaine Hydrochloride, and 280 or More of Cocaine Base; (2) Two Counts of Distribution of 280 Grams or More of Cocaine Base; and (3) Two Counts of Use of a Communication Facility in violation of 21 U.S.C. § 843(b). (Rec. Doc. 369). The Court sentenced Defendant to 216 months as to each of the drug-related counts and 48 months as to each communications facility count, all to run concurrently. (Rec. Doc. 369). Defendant had attempted to withdraw his guilty plea

1

on the day of his sentencing, which request was denied. (Rec. Doc. 369). Defendant appealed this denial to the United States Court of Appeals for the Fifth Circuit, alleging an involuntary plea, which appeal was denied. (Rec. Doc. 399).

On October 14, 2014, Defendant filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 as well as a simultaneous Motion to Temporarily Stay Proceedings Pending Disposition of Related State Proceedings (Rec. Docs. 413 and 414). Defendant explained that his §2255 motion was a "bare-bones" one filed as a placeholder in an effort to comply with the one-year limitations period for bringing such post-conviction challenges. (Rec. Doc. 414). According to Petitioner, one basis for a claim of ineffective assistance of counsel asserted in the § 2255 motion relies on a challenge to the validity of a state predicate offense which was used to enhance his federal sentence and against which there is a currently pending writ of *coram nobis*. (Rec. Doc. 414). Accordingly, Defendant seeks a temporary stay of his federal § 2255 proceedings pending resolution of his state *coram nobis* proceedings. After this, he would seek leave to re-open and to amend his § 2255 pleading in order to assert relevant claims, presumably in the event of favorable resolution of the state proceedings. (Rec. Doc. 413 at 2).

On October 17, 2014, the Court ordered the Government to respond to Defendant's Motion to Stay (Rec. Docs. 413) within fourteen days of the entry of that order on October 17, 2014. (Rec. Doc. 416). The Court further ordered the Government to respond to Defendant's underlying § 2255 Motion (Rec. Doc. 414) by November 25, 2014. (Rec. Doc. 417). The Government has since filed an Opposition to Defendant's Motion to Stay (Rec. Doc. 418).

**Contentions of Movant:**

Defendant argues, for purposes of his § 2255 Motion, that (1) he received ineffective assistance of counsel when his attorney failed to advise him that a state predicate conviction could impact his federal sentence; (2) that he received ineffective assistance of counsel through counsel's failure to challenge the allegedly unlawfully obtained state predicate conviction; and (3) that his guilty plea was not entered into knowingly, intelligently, or voluntarily because he was not apprised of all relevant circumstances of other plausible defenses counsel failed to pursue. Because these grounds for his challenge to his federal sentence are related to his pending state *coram nobis* action, Defendant argues he should be entitled to a stay of his § 2255 action in order to comply with applicable Federal Rules while also pursuing his state challenge.

3

**Contentions of Opponent:**

The Government argues this form of "placeholder" § 2255 motion is disfavored as an attempt to circumvent Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") time limits. The Government further argues that Defendant has not attached any documents, legal memoranda, or correspondence to either of his pending motions that would substantiate a *coram nobis* filing currently pending in state court.

**Law and Analysis:**

It is true that, generally stated, § 2255 motions for post-conviction relief are subject to a one-year limitations period. 28 U.S.C. § 2255(f). However, § 2255(f)(4), which sets the limitations period running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," has been interpreted by the Supreme Court to apply to circumstances where a prior state conviction used as a predicate for enhancement of a federal sentence is later vacated. *Johnson v. U.S.*, 544 U.S. 295, 308, 125 S.Ct. 1571, 1580, 161 L.Ed.2d 542 (2005). As such, the proper period for filing a § 2255 Motion relying on the possible vacatur of the predicate conviction at issue here would begin to run from the date of vacatur of that conviction, and Defendant may not rely on a "placeholder" motion to prevent tolling. Of course, the Supreme Court additionally held in

4

*Johnson*, *supra*, that § 2255(f)(4) includes a separate "due diligence" component which further requires a petitioner to establish that he initially went about challenging the predicate conviction sufficiently promptly. 544 U.S. at 302 ("[W]e also hold that the statute allows the fact of the state-court order to set the 1-year period running only if the petitioner has shown due diligence in seeking the order."). Such a determination defies precise definition and must be made on a case-specific basis at the appropriate time. *Id.* ("The answer is that diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction.")

**Conclusion**

The Court recognizes that Defendant appears to have made an attempt to comply with the ostensibly conflicting requirements of filing a timely § 2255 motion when that motion relies on the possible future vacatur of a state predicate conviction (to the extent such motions are generally due within one-year of the finality of the federal conviction). The Court further disagrees that many of the cases cited by the Government in opposition apply here, to the extent those cases suggested procedural machinations aimed at circumventing the policies of AEDPA. Nevertheless, the Court is unaware of any instances of courts sanctioning use of "placeholder" §2255 motions. The Supreme

5

Court has recognized the potential for the type of issue presented here and has reconciled the apparent conflict in *Johnson v. U.S.*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005).[1] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay is **DENIED** <u>Unless grounds arise for a contrary result</u>, the proper period, if any, for bringing a § 2255 Motion challenging Defendant's sentencing enhancement may begin to run one-year from the vacatur of the predicate state conviction <u>**if such occurs**</u>. The Court takes no position, however, as to whether Defendant may also satisfy the "due diligence" requirement imposed by *Johnson* in the event vacatur is later obtained and a corresponding motion is ultimately filed.

New Orleans, Louisiana, this 20th day of November, 2014.

UNITED STATES DISTRICT JUDGE

---

[1] See *id.* at 308 ("Our job here is to find a sensible way to apply paragraph four when the truth is that with *Daniels* not yet on the books AEDPA's drafters probably never thought about the situation we face here. Of course it is peculiar to speak of "discovering" the fact of the very eventuality the petitioner himself has brought about, but when that fact is necessary to the § 2255 claim, and treating notice of it as the trigger produces a more reasonable scheme than the alternatives, the scheme should be reconciled with the statutory language if it can be. And here the fit is painless, if short on style.")