UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 11-19

ROBBIE RAY                                  SECTION "B"(2)

ORDER AND REASONS

## I. NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. (Rec. Doc. 414). The Government opposes Petitioner's § 2255 Motion. (Rec. Doc. 423). Prior to this Motion, Petitioner was sentenced after pleading guilty in connection with a plea agreement that was accepted by this Court. (Rec. Doc. 369 at 3). As grounds for his § 2255 Motion, Petitioner claims that he was denied effective assistance of counsel in violation of the Sixth Amendment. **IT IS ORDERED** that Petitioner's Motion is **DENIED** as it pertains to all claims of ineffective assistance of counsel.

## II. FACTS AND PROCEDURAL HISTORY

The Record reflects that Petitioner pled guilty after entering into a plea agreement with the Government. (Rec. Doc. 369). That plea agreement was accepted by this Court, and included the admission of guilt as to charges of: (1) Conspiracy to Distribute with Intent to Distribute 500 Grams or More of Cocaine Hydrochloride, and 280 Grams or More of Cocaine Base; (2) Two

Counts of Distribution of 280 Grams or More of Cocaine Base; and
(3) Two Counts of Use of a Communication Facility. (Rec. Doc. 369
at 1-3).

This Court sentenced Petitioner to 216 months for each of the
drug-related counts and to 48 months as to the communications
facility counts, both sentences to run concurrently. (Rec. Doc.
369 at 3). On the day of sentencing, Petitioner attempted to
withdraw his guilty plea and his request was denied. (Rec. Doc.
369). This Court's denial of Petitioner's attempt to withdraw his
guilty plea was appealed to the United States Court of Appeals for
the Fifth Circuit, alleging an involuntary plea. (Rec. Doc. 399).
The Fifth Circuit affirmed this Court's finding and denied
Petitioner's motion to withdraw his guilty plea. (Rec. Doc. 399).

On October 14, 2014, Petitioner filed a § 2255 Motion to
Vacate, Set Aside, or Correct his Sentence. In conjunction with
his § 2255 Motion, Petitioner also filed a Motion to Temporarily
Stay Proceedings Pending Disposition of Related State Proceedings.
(Rec. Doc. 413). Petitioner sought a temporary stay of his § 2255
Motion, pending the resolution of his writ of error *coram nobis* in
state court. (Rec. Doc. 413 at 2). On November 20, 2014, this Court
denied Petitioner's Motion to Stay. (Rec. Doc. 419 at 6). On
December 24, 2014, the Government submitted a Memorandum in
Opposition to Petitioner's § 2255 Motion. (Rec. Doc. 423).

**III. CONTENTIONS OF MOVANT**

Petitioner asserts three grounds in his § 2255 Motion under which to Vacate, Set Aside, or Correct this Court's judgment imposing Petitioner's sentence. Petitioner asserts that: (1) he received ineffective assistance of counsel when his attorney failed to advise him that a state predicate conviction could impact his federal sentence;[1] (2) he received ineffective assistance of counsel based on counsel's failure to challenge the allegedly unlawful state predicate conviction; and (3) his guilty plea was not entered into knowingly, intelligently, or voluntarily because Petitioner was not informed of other plausible defenses that counsel had failed to pursue. (Rec. Doc. 414 at 4-7). Petitioner argues that he should have been able to withdraw his guilty plea based on counsel's alleged ineffective assistance in violation of the Sixth Amendment.

## IV. CONTENTIONS OF OPPONENT

The Government opposes Petitioner's § 2255 Motion for Reconsideration for several reasons. First, the Government asserts that in pleading guilty, Petitioner waived all nonjurisdictional defects in the proceedings leading up to his plea, including all claims of ineffective assistance of counsel. Second, the Government argues that Petitioner's plea was not rendered involuntary by counsel's alleged ineffective assistance based upon

---

[1] Petitioner was determined to be a Career Offender under U.S.S.G. § 4B1.1.

erroneous advice given as to Petitioner's career offender classification. Third, the Government asserts that counsel's failure to challenge an allegedly illegal state conviction did not result in ineffective assistance of counsel. Finally, the Government emphasizes that the issue of whether Petitioner's plea was voluntarily entered into is meritless and has already been decided by the Fifth Circuit.

## V. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). A showing of ineffective assistance of counsel requires that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Counsel's deficient performance must be determined by showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both parts of an ineffective assistance of counsel claim if the defendant fails to make a sufficient showing of one part of the *Strickland* test. "Failure to

meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel." *Id.* at 700.

For the purposes of federal habeas review, scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. A court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Ray v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999). Furthermore, "[a] fair assessment of [counsel's] performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Furthermore, the Fifth Circuit has explained that, "[a] conscious and informed division on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005)(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

**VI. DISCUSSION**

Petitioner asserted three grounds for ineffective assistance of counsel in his placeholder § 2255 Motion. Petitioner's three

grounds of ineffective assistance of counsel, and the reasons for which Petitioner's claims ultimately fail, will be discussed in this Section.

### i.    Cumulative Effect of Ineffective Assistance of Counsel

In ground one, Petitioner first claims ineffective assistance of counsel based on the cumulative effect of deficient performance by his defense counsel. (Rec. Doc. 414 at 4). The Supreme Court has held that in the context of a claim of ineffective assistance of counsel, "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *United States v. Cronic*, 466 U.S. 648, 659 n. 26 (1984). Accordingly, a "cumulative deficiency" argument in the context of an ineffective assistance of counsel claim does not satisfy the *Strickland* test set out by the Supreme Court and Petitioner will not succeed in an ineffective assistance claim on this basis.

In ground one of his § 2255 Motion, Petitioner also refers to his counsel as ineffective for making misrepresentations in regard to Petitioner's predicate juvenile offense and how it would increase Petitioner's federal sentence. In terms of sentencing, the Fifth Circuit has found that "the defendant must be advised of and understand the consequences of the plea" for a guilty plea to be knowing and voluntary. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)(citing *Barbee v. Ruth*, 678 F.2d 634, 635 (5th

6

Cir. 1982)). A defendant is aware of the consequences of a guilty plea when he understands the worst possible outcome of the plea agreement and still chooses to plead guilty. *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). For example, the Fifth Circuit has held that counsel's failure to inform the defendant that he may be classified as a "Career Offender" does not constitute ineffective assistance of counsel. *Id.* at 647-48. Ultimately, if the defendant has entered into the plea agreement with knowledge of the maximum possible sentence he might receive, the defendant has entered into the plea on a knowing and voluntary basis. In this case, Petitioner knew of the maximum sentence that he might receive because it was revealed and explained to him in the plea agreement, which he read and signed before pleading guilty. (Rec. Doc. 390 at 36). Finally, as will be discussed later in this Section, in taking a plea knowingly, intelligently, and voluntarily, Petitioner waived his right to all nonjurisdictional defects in the proceedings leading up to his plea, including claims of ineffective assistance of counsel. Petitioner does not meet the threshold requirement necessary to consider his claim of ineffective assistance of counsel. For the reasons discussed, Petitioner's § 2255 Motion as it pertains to ground one must be denied.

   **ii.  Counsel's Failure to Object to the Use of an Alleged Unlawfully Obtained Predicate Offense was Deficient**

7

In ground two, Petitioner claims that his counsel was ineffective for failing to object to the presentence report ("PSR"). (Rec. Doc. 414 at 5). Petitioner asserts that trial counsel should have challenged the use of an allegedly unlawfully obtained predicate offense.[2] (Rec. Doc. 414 at 5). In addition to the instant § 2255 Motion, Petitioner has also filed a petition for writ of error *coram nobis* in the 22nd Judicial District Court of St. Tammany Parish challenging the previously mentioned allegedly unlawfully obtained predication offense. In that regard, Petitioner argues that his sentence should have been voided where he was allegedly never afforded a juvenile transfer hearing and was allegedly erroneously adjudicated as an adult. (Rec. Doc. 414 at 2-3). Petitioner made just one objection. (Rec. Doc. 362 at 33). Neither Petitioner nor his counsel objected to any of Petitioner's prior state court convictions. (Rec. Doc. 387 at 15). When asked at the sentencing proceedings whether he had any additional objections to those currently on the record, Petitioner responded that he did not. (Rec. Doc. 387 at 15). Petitioner had the opportunity to state further objections at that time and failed to do so. Thus, Petitioner cannot fault his counsel, or assert a claim of ineffective assistance on this basis when Petitioner himself had the opportunity to make additional objections to the

---

[2] In his § 2255 Motion, Petitioner states that "he reserves the right to address this claim in greater detail in an amended § 2255 petitioner pending disposition of state proceedings." (Rec. Doc. 414 at 5).

PSR and failed to do so. Furthermore, as will be discussed in the next subsection, in taking a plea knowingly, intelligently, and voluntarily, Petitioner waived his right to all nonjurisdictional defects in the proceedings leading up to his plea, including claims of ineffective assistance of counsel. Petitioner does not meet the threshold requirement necessary to consider his claim of ineffective assistance of counsel. For the reasons discussed, Petitioner's § 2255 Motion as it pertains to ground two must be denied.

### iii. Guilty Plea was not Entered into Knowingly, Intelligently, or Voluntarily

In ground three, Petitioner claims that his plea was not entered into knowingly, intelligently, or voluntarily because he was not aware of all of the relevant circumstances or other plausible defenses that his counsel failed to pursue. (Rec. Doc. 414 at 7). In voluntarily pleading guilty, a defendant waives all nonjurisdictional defects in the proceedings leading up to his plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). This includes ineffective assistance of counsel claims, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Id.* Thus, *Glinsey* establishes an exception that a defendant does not waive all nonjurisdictional defects in the proceedings leading up to the plea when ineffective

9

assistance of counsel led the defendant to involuntarily enter into the plea agreement.

To find that a defendant entered into an informed and voluntary guilty plea, the defendant must have been aware of his or her right to appeal the sentence and that he or she was giving up that right by taking the plea. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)(citing *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992)). The Fifth Circuit has established that a defendant makes a knowing and voluntary decision to take a plea when the defendant reads and understands the plea agreement containing a waiver-of-appeal provision, and raises no subsequent question concerning the waiver of his or her right to appeal before signing the agreement. *Id.* at 293.

The first issue in the instant case is whether Petitioner may rely on the exception highlighted in *Glinsey* to assert that he did not in fact enter into the plea agreement on an informed and voluntary basis due to ineffective assistance of counsel. Again, the *Glinsey* exception holds that a defendant does not waive all nonjurisdictional defects leading up to the guilty plea when the defect alleged is an ineffective assistance of counsel claim that resulted in an unknowing or involuntary guilty plea. *Glinsey*, 209 F.3d at 392. There, the court emphasized that the defendant must "assert[] exactly this connection between counsel's alleged errors and [the defendant's] guilty plea." *Id.* Here, Petitioner implies

the requisite connection between counsel's errors and Petitioner's guilty plea by stating that his plea was not entered into knowingly, intelligently, or voluntarily because he was not aware of all of the plausible defenses that counsel had failed to pursue. (Rec. Doc. 414 at 7).

Here, however, Petitioner's third ground lacks the specificity required to trigger the *Glinsey* exception because Petitioner simply states that he was "not apprised of all relevant circumstances of [sic] other plausible defenses counsel failed to [pursue]." (Rec. Doc. 414 at 7). Petitioner's placeholder motion does not provide any evidence or explanation for his claim in ground three and therefore Petitioner has failed to contend with any specificity how counsel allegedly provided ineffective assistance. Petitioner briefly notes that his counsel misrepresented that he had investigated plausible defenses thus causing Petitioner to enter into an unknowing plea. (Rec. Doc. 414 at 7). Petitioner's assertion, however, is far too vague and conclusory. Petitioner fails to expand upon or provide a true basis for his claim, and thus fails to meet the specificity standards required of both § 2255 and *Strickland*. For this reason, this Court is not required to complete the *Strickland* analysis for the purpose of determining whether Petitioner's counsel was ineffective because Petitioner entered into the plea agreement knowingly and voluntarily. Given that Petitioner entered into the plea on an

11

informed and voluntary basis, he has waived his right to claim that his counsel was ineffective.

Additionally, Petitioner signed the plea agreement on a voluntary basis. The agreement outlined the rights that Petitioner would waive by signing the plea agreement, specifically indicating that signing the plea agreement would amount to an express waiver of the right to collaterally attack his sentence. (Rec. Doc. 319). Petitioner reviewed the plea agreement with his counsel stating that he fully understood the meaning of the agreement's provisions. (Rec. Doc. 390 at 36-37). Furthermore, Petitioner testified that he had discussed the plea agreement with his counsel and that he had not been forced or threatened into signing the agreement. (Rec. Doc. 390 at 37-38). These facts weigh in favor of finding that Petitioner signed, and entered into, the plea agreement on an informed and voluntary basis.

Furthermore, a defendant typically will not be given the opportunity to refute testimony that he gave at a plea hearing while under oath. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998). Petitioner was under oath at his re-arraignment hearing, and testified that he understood false answers could lead to additional penalties. (Rec. Doc. 390 at 11). The Fifth Circuit has given "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002). Additionally, documents signed by the defendant that are

12

related to the guilty plea carry "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29 (5th Cir. 1994). Here, Petitioner pled guilty, and there are no statements in the Record suggesting that Petitioner did not enter into the plea agreement on an intelligent, knowing, and voluntary basis. The great weight that is given to the statements made and documents signed at a plea colloquy also confirm this. Petitioner thus waived all nonjurisdictional defects in the proceeding leading up to his plea, including claims of ineffective assistance of counsel.

Finally, Petitioner's attempted withdrawal of his guilty plea has already been raised in this Court and on appeal to the Fifth Circuit. *United States v. Ray*, 543 Fed. Appx. 469, 470 (5th Cir. 2013). There, the Fifth Circuit affirmed this Court's denial of Petitioner's motion to withdraw his guilty plea and found that this Court did not abuse its discretion in doing so. *Id.* at 471. The Fifth Circuit's conclusion is another factor highlighting that Petitioner entered into his plea knowingly and voluntarily, and thus waived his right to contest nonjurisdictional defects in the proceedings leading up to his plea, including claims of ineffective assistance of counsel. Petitioner's first, second, and third grounds do not meet the threshold requirement for consideration of claims of ineffective assistance of counsel when a guilty plea has already been taken. Moreover, consideration of Petitioner's rehashed and meritless arguments is a waste of judicial resources.

13

Thus, for the reasons discussed, Petitioner's § 2255 Motion as it pertains to grounds one, two, and three must be denied.

## VII. CONCLUSION

Petitioner made three claims of ineffective assistance of counsel in his § 2255 Motion, each of which failed to meet the requisite standards of both § 2255 and *Strickland*. First, Petitioner's claim of cumulative ineffective assistance fails because it is not a recognized basis for a claim of ineffective assistance of counsel. Second, Petitioner's contention that his counsel was ineffective for failure to make objections to the PSR in regard to Petitioner's predicate state offense is baseless because Petitioner himself did not object to the PSR when this Court provided him the opportunity to do so. Lastly, Petitioner took a knowing, intelligent and voluntary plea and therefore waived his right to contest nonjurisdictional defects in the proceedings leading up to his plea, including claims of ineffective assistant of counsel. In light of Petitioner's aforementioned claims **IT IS ORDERED** that Petitioner's Motion is **DENIED**.

New Orleans, Louisiana, this 23rd day of November, 2015.

UNITED STATES DISTRICT JUDGE

14